UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ASYLUM SEEKERS TRYING
TO ASSURE THEIR SAFETY,

                Plaintiffs,

v.

TAE D. JOHNSON,
*Acting Director of U.S. Immigration and Customs Enforcement, et al.*,

                Defendants.

Civil Action No. 23-cv-163

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

The plaintiffs, who are twenty-one noncitizens that came to the United States to seek asylum, have moved to proceed under pseudonym in this instant action, a putative class action against the director of U.S. Immigration and Customs Enforcement ("ICE") and other governmental defendants for violating various federal statutes and their constitutional rights by posting their "personal data on ICE.gov for anyone to view, copy, download, share, or otherwise preserve, for approximately five hours before it was removed from the website." Pls.' Mot. to Proceed Under Pseudonym at 5 ("Pls.' Mot"), ECF No. 2. For the reasons set forth below, the Court will grant the plaintiffs' motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I.    BACKGROUND

Plaintiffs are natives of nine foreign countries. Some are currently detained by ICE at various ICE detention centers, while others have been released from custody for now. Compl.

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

¶ 1. Plaintiffs, and other similarly situated noncitizens (6,252 total), came to the United States to seek asylum and were detained in ICE custody. *Id.* ¶ 2. Some plaintiffs, and others similarly situated, have already had their asylum claims adjudicated, some have submitted their asylum applications, and their claims are pending adjudications, and others have not yet submitted their asylum applications. *Id.* ¶ 3. Plaintiffs allege that defendants unlawfully "published the private data of Plaintiffs and other noncitizens in, or formerly in, ICE custody to their public-facing website[,]" which "data included their names, countries of origin, dates of birth, A-numbers, and locations of detention in the United States" and "identified all individuals as asylum seekers who had initially been in expedited removal proceedings." *Id.* ¶ 4. Plaintiffs assert that defendants' actions put them in danger because many of them "came to the United States to flee gang violence, government retaliation, and persecution on the basis of protected grounds." *Id.* ¶ 6. Plaintiffs also say that this "unlawful disclosure of asylum seekers' confidential information has the concerning impact of deterring individuals from seeking protection in the United States in the future" and "undermines the United States' capacity to provide protection for asylum seekers, despite being a signer of the Universal Declaration of Human Rights." *Id.* ¶ 7.

Plaintiffs have filed a putative class action complaint on behalf of themselves and the thousands of other asylum seekers whose data was unlawfully released. They allege violations of the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.*, the Administrative Procedure Act, U.S.C. § 706 *et seq.*, the *Accardi* doctrine, and the Fifth Amendment's Due Process Clause. Compl. ¶¶ 81-117. Plaintiffs seek various forms of injunctive and monetary relief. Compl. at 32–33 (Prayer for Relief).

Plaintiffs seek to proceed under pseudonym not because of fear of retaliation from the government, but rather because they "fear retribution from their persecutors and other bad actors around the world, who now have all the information they need to hunt [p]laintiffs down" since many of the thousands of "victims of this breach, including [p]laintiffs, are fleeing persecution and torture in their countries of origin." Pls.' Mot. at 5.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require 'parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may be limited. FED. R. CIV. P. 5.2. Minors, for example, must be referred to using only their initials. FED. R. CIV. P. 5.2(a)(3). The court may also, for good cause, "require redaction of additional information." FED R. CIV. P. 5.2(e)(1).

Courts have also, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the 'rare dispensation' of

4

anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of their identities as plaintiffs in this litigation. The public's interest in the litigant's identity is *de minimis* compared to the significant privacy interests of the plaintiffs, who reasonably fear that proceeding under their real names will expose them and their families to the risk of retaliatory harm, including retribution persecutors from whom they fled to the United States. Given the pendency of their asylum petitions and the possibility of being returned home, this concern is particularly significant.

First, as the description of plaintiffs' claim makes clear, plaintiffs do not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97. Plaintiffs highlight the harm that the defendants' alleged data exposure from posting personal information has already posed to asylum seekers, who "have reported extortion attempts by imposters, posing as their detained loved one and asking for bond money." Pls.' Mot. at 7. As plaintiffs note, this Court has previously recognized that publicly associating plaintiffs with the details of their asylum claims put the plaintiffs and their family members in their country of origin at risk

of retaliatory physical harm. *See Asylumworks v. Wolf*, No. 1:20-cv-03815, 2020 U.S. Dist. LEXIS 264893, 8-9 (D.D.C. Dec. 23, 2020).

For similar reasons, plaintiffs have sufficiently alleged that disclosure of their identities "pose[] a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Indeed, plaintiffs cite in their declarations fear of physical assault by government actors against them and their family members as punishment for reporting human rights violations, *see, e.g.*, Pls.' Mot., Declaration of Roe #2 ("Roe #2 Decl.") ¶¶ 3-4, ECF No. 2-1, and police brutality and theft as punishment for teaching young people woodworking and other trades, *see, e.g.*, Pls.' Mot., Declaration of Roe #13 ("Roe #13 Decl.") ¶¶ 2-5, 7, ECF No. 2-1. Some of plaintiffs' family members are minors as well. *See, e.g.*, Roe #2 Decl. ¶ 5; Roe #13 Decl. ¶ 5. Given that release of their names could pose a threat to them and their family members, some of whom are children, the second and third *James* factor also weighs in favor of granting plaintiffs' motion, *see In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).

The fourth *James* factor weighs slightly against granting plaintiffs' motion. Although "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, as in this one, nothing about these proceedings creates any need for transparency with respect to the plaintiffs' identities. *Cf. id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations). Here, plaintiffs seek to vindicate their rights and the rights of the putative class members, and anonymity appears to be necessary to provide them the opportunity to do so.

6

Finally, the defendants would suffer no "risk of unfairness" if the plaintiffs' motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Allowing plaintiffs to proceed under pseudonym will have no impact on any private rights, as the defendants are all government officers. *See* Compl. at 1. Plaintiffs are also "prepared to provide a statement of their true identities to the Court and opposing counsel under seal[.]" Pls.' Mot. at 5. Thus, allowing the plaintiffs to proceed anonymously will not compromise the defendants' ability to defend this action. In addition, the plaintiffs seek only to proceed using pseudonyms, and have not requested that all court filings be sealed. *Id.*

In sum, weighed against the minimal apparent interest in disclosure, plaintiffs' significant and "legitimate interest in anonymity" at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97. Any general presumption in favor of open proceedings or public interest in disclosing plaintiffs' identities is significantly outweighed by the deadly threat that such disclosure would entail. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' Motion to Proceed Under Pseudonym is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and plaintiffs may proceed with the case using the pseudonyms "Roe #1-21[;]" it is further

**ORDERED** that the defendants are prohibited from publicly disclosing plaintiffs' identities or any personal identifying information that could lead to the identification of the plaintiffs by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: January 26, 2023

                                                                                                _____
                                                                                                BERYL A. HOWELL
                                                                                                Chief Judge