IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASYLUM SEEKERS TRYING TO ASSURE THEIR SAFETY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TAE D. JOHNSON, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, *et al.*, <br><br> Defendants. | No. 23-cv-163-RCL |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
NOTICE OF CHANGE IN MATERIAL FACTS**

Plaintiffs have submitted information styled as a "change in material facts," but the attached exhibits only strengthen the grounds for dismissal of Plaintiffs' complaint. *See* Pls.' Notice, ECF No. 46. Plaintiffs provide a letter from Immigration and Customs Enforcement (ICE) to certain members of Congress, which further corroborates that the disclosure was inadvertent. *See* Ex. A, ECF No. 46-1. Plaintiffs also provide a removal order and related materials for ROE #5, who was ordered removed only after an Immigration Judge reconsidered ROE #5's Reasonable Fear Review in light of the inadvertent disclosure. *See* Ex. B, ECF No. 46-2 (sealed).

First, Plaintiffs provide a letter from ICE to members of Congress that confirms that the disclosure occurred "as the result of human error." *See* Ex. A at 3, ECF No. 46-1. The letter explains that every two weeks, ICE Enforcement and Removal Operations (ERO) publicly posts the latest ICE Detention Statistics report online. The error occurred when, in "respon[se] to an internal data call," ERO merged the standard ICE Detention Statistics with a confidential worksheet containing PII and credible fear information. *Id.* When ERO went to post the ICE

Detention Statistics to ICE.gov, the previously merged, confidential information was not removed. *Id*. The letter also explains that after ICE was notified of the inadvertent disclosure, it removed the document from ICE.gov approximately eleven minutes later. *Id.* at 4. The additional facts submitted by Plaintiffs only underscore that this disclosure was inadvertent.

Additionally, for the first time in their "notice," Plaintiffs argue that Defendants violated the Fifth Amendment by allegedly failing to provide information about the disclosure in removal proceedings. *See* Pls.' Notice, at 2. But Plaintiffs have never argued that Defendants' provision of information in immigration proceedings violated the Fifth Amendment. *See generally* First Am. Compl. (FAC) ¶¶ 146–68; *see also id.* ¶ 155 (alleging Fifth Amendment violation under "custody exception" because Defendants "releas[ed] the private information of asylum seekers on their public-facing website" and also offered "insufficient protection initially" vis-à-vis "a mere 30-day reprieve from deportation"); *id.* ¶ 156 (alleging Fifth Amendment violation under "state endangerment exception" because Defendants "stor[ed] and centraliz[ed] the names, locations, and other personally identifiable information of asylum seekers, without either implementing or adhering to procedures that protect that data"). Plaintiffs cannot now raise new legal claims in a supplemental notice to the Court after briefing on the motion to dismiss is closed. Moreover, even if Plaintiffs had challenged Defendants' provision of information in their respective, individual removal proceedings, such claims are non-justiciable pursuant to 8 U.S.C. § 1252(a)(4)–(5). *See* Defs.' Mot. to Dismiss at 13–15, ECF No. 33. The proper venue to raise information-related issues is within those proceedings or on appeal, not in a collateral proceeding such as this.

Second, Plaintiffs provide an order from an Immigration Judge denying ROE #5's motion for reconsideration of their reasonable fear review and ordering ROE #5's removal. *See* Ex. B, ECF No. 46-2 (sealed). ROE #5 presented the inadvertent disclosure in that motion and the

Immigration Judge determined that ROE #5 nevertheless failed to show "that [they are] or [were] in a likelihood level of danger that [they are] or [were] more likely than not to be a victim of persecution or torture." *Id*. at 3. The order again underscores that individuals who had their information disclosed have an opportunity to raise the issue before an Immigration Judge prior to removal.

Defendants' stated policy is to provide all affected noncitizens—including those with negative reasonable fear determinations—the opportunity to raise the inadvertent disclosure in removal proceedings pursuant to 8 U.S.C. § 1229a. *See* Ex. B of FAC at 2–3, ECF No. 6-2. A reasonable fear review, and any reconsideration thereof, are not removal proceedings pursuant to 8 U.S.C. § 1229a.[1] To give ROE #5 the opportunity to raise the inadvertent disclosure in removal proceedings pursuant to 8 U.S.C. § 1229a, Defendants contacted counsel for ROE #5 on May 4, 2023, to ask whether ROE #5 was willing to agree to cancellation of the reinstated order of removal, issuance of a Notice to Appear, and placement into removal proceedings pursuant to 8

---

[1] Certain noncitizens who are subject to expedited removal—including those subject to removal as an aggravated felon, 8 U.S.C. § 1228(b), or those subject to removal pursuant to a reinstated order of removal, 8 U.S.C. § 1231(a)(5)—and who express a fear of return to their home country are screened for a reasonable fear of persecution or torture, 8 C.F.R. §§ 208.31, 1208.31. This screening is conducted by a U.S. Citizenship and Immigration Services (USCIS) asylum officer and is non-adversarial in nature. *See id*. §§ 208.31(c), 1208.31(c).

USCIS asylum officers have exclusive authority to conduct these screenings, and the Executive Office of Immigration Review (EOIR) has exclusive authority to review negative determinations in these proceedings. *See id*. As a general matter, if the USCIS asylum officer determines that the noncitizen does not have a reasonable fear—*i.e.*, a negative reasonable fear determination—the noncitizen may request a review of such determination by an Immigration Judge with EOIR. *See id*. §§ 208.31(f)–(g), 1208.31(f)–(g). If the Immigration Judge affirms the USCIS asylum officer's negative fear determination, the noncitizen's case is generally returned to the Department of Homeland Security for removal of the noncitizen. *See id*. §§ 208.31(g)(1), 1208.31(g)(1). If the Immigration Judge disagrees with the asylum officer, however, then the noncitizen is generally placed into withholding-only proceedings pursuant to 8 U.S.C. § 1241(b)(3). *See id*. §§ 208.31(g)(2), 1208.31(g)(2). These proceedings are adversarial and take place before an Immigration Judge. *See id*. §§ 208.31(g)(2)(i), 1208.31(g)(2)(i).

U.S.C. § 1229a. On May 9, 2023, counsel for ROE #5 indicated that ROE #5 would oppose any efforts to do so. In short, not only did ROE #5 have the opportunity to provide the fact of the inadvertent disclosure as part of a reconsideration of reasonable fear review, but ROE #5 was also provided the opportunity to pursue formal removal proceedings pursuant to 8 U.S.C. § 1229a. ROE # 5 has declined that opportunity, instead resting on the Immigration Judge's reconsideration of their negative reasonable fear review in light of the inadvertent disclosure. Defendants are not aware of any other instance in which a Plaintiff has not been provided the opportunity to proceed with removal proceedings in light of the inadvertent disclosure.

Dated: May 15, 2023                    Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Principal Deputy Assistant Attorney General

                                       MARCIA BERMAN
                                       Assistant Director

                                       /s/ *Cassandra M. Snyder*
                                       ZACHARY A. AVALLONE
                                       CASSANDRA M. SNYDER
                                       Trial Attorneys
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       1100 L Street, NW
                                       Washington, DC 20005
                                       Tel: (202) 451-7729
                                       E-mail: cassandra.m.snyder@usdoj.gov